We are ready for argument in the first case, the U.S.A. v. Henry Stephens. Mr. Cowen. May it please the Court, my name is Chris Cowen. I represent Henry Stephens. Before I begin, I'd like to point out that on October 22, the Third Circuit rendered a decision that is of consequence in this case. Would you pull that mic a little closer to you, sir? I cannot hear you. Okay, I apologize. Is that better? Thank you. That decision, the government filed a Rule 28 J letter, a couple of them I filed a response. And I would submit to the Court that had that decision been decided sooner, it'd be cited through and through in my briefs because it basically attracts my arguments. So I'd ask the Court to consider it. I'd like to establish the posture of this case. Started off with a first suppression motion that was denied. And then the Jones decision came out by the Supreme Court. And then the District Court asked the parties to brief and have another hearing on the suppression issue again. At that point, the District Court denied the suppression motion. What's interesting, because of the arguments raised in that brief, the issue in that case, ultimately framed by the District Court and conceded by the government, was whether the good faith exception to the exclusionary rule applied. The District Court found that the government conceded at the end of the hearing that the search was unlawful. And our position is any argument that the search was lawful merged into that concession, which has not been appealed or challenged. And the only issue then in this case is the good faith exception to the exclusionary rule. Now having said that, I gather y'all have read the brief, so I'm not going to get into the facts. Yeah, we know we've read the brief. So, yeah, I know that. So, I'll just go straight into my argument. The Davis case held that binding appellate precedent, the officer must rely on binding appellate precedent, specifically authorizing a particular police practice. But did the Davis case say that was sufficient or that was necessary? It was necessary. Are you sure about that? I believe it's necessary. That's the way the Katzen court relied upon. Let's go on just to put it in context. In this case, taking in mind what the Davis court said, in this case, this officer didn't rely on any precedent, let alone binding appellate precedent. This officer never attempted to obtain a warrant, never discussed the warrant requirement with anybody. He had access to the U.S. Attorney's Office, the State Attorney, City Attorney, ATF. He had access to all these resources. He didn't take any steps at all to objectively look at whether the warrant requirement was required. Well, at the time that this action took place, it was legal in Maryland where this officer was, and the only circuit court of appeals that had ruled in the opposite was the D.C. Circuit in the United States v. Maynard. So how would this officer have known that this would be a violation? I submit that at that time, it wasn't necessarily clear that it was legal. In a Maryland court's determination on legality of a search, it's immaterial for a federal officer. This was a federal officer, a federal prosecution in a federal court. I cited a number of cases on the point, but directly on point is the case of the United States v. Clyburn. In that case, that involved a circumstance where Georgia did not recognize the Leon exception, and they were challenging the warrant as being defective. And they were trying to basically argue state law. This is what the 11th Circuit said in that case. Therefore, whether Georgia law permits or does not permit a good faith exception to the warrant requirement is irrelevant in a federal court's independent evaluation of the admissibility and the reasonableness of a search and seizure by state officers in a federal criminal prosecution. For the good faith exception, does an officer have to know that his actions were legal or just know that they weren't illegal? That's entirely the problem with this case. Well, I'm looking for your answer. And here's my answer. Okay. I'd be a good thing to do is answer. Sure. Starting off with the Davis case. What's the answer to the question? Under the formulation for good faith exception, does the officer have to reasonably know that his actions are legal or reasonably, objectively know they're not illegal? The officer has to. This is what the Davis decision says. The officer has to know that his actions are authorized. So, in that sense, he has to know that it's legal. If he has to be in a position where if he's asked, what's the basis for your search, what's your authority, he has to be in the position of pointing it out. This may surprise you, but sometimes when we, as the Fourth Circuit, look at the state of the law and rule in a case, we sometimes get it wrong. We look at the law. We then decide what the state of the law is, and we announce it. Sometimes the Supreme Court and maybe in-bank court over a panel will say we're wrong. Can we expect an officer to be prescient and know where the law's going to go if the law is not settled on a point? Actually, no. And the answer would be what? The answer's no. And, in fact, that's the point. This is what the Davis court, the underlying Eleventh Circuit decision in Davis, which I submit the Davis Supreme Court decision basically adopted. So the answer is no. So then your standard is the law enforcement officer, at the time he makes that determination, doesn't have to be perfect. They just have to have a good faith belief that their action is either legal or is not illegal under all the law existing at that time. Isn't that correct? That is not. No, that's not correct. My answer is the officer has to have. Well, this is what the Supreme Court said. Clearly established precedent. No. That doesn't answer my question. I'm talking about the traditional test for good faith exception. The Supreme Court has said the good faith exception is the objectively ascertainable question whether a reasonably well-trained officer would have known that the search was illegal in light of all the circumstances. That's the hearing decision quoting Leon. So that's what in light of all the circumstances, that means does that test in and of itself require binding appellate precedent? I submit that it does. I submit that the Davis court decision. Let me back up and ask, do the words of that formulation require binding appellate precedent? The words don't do it. With the particular quotation that you read to me, no. But then with the Davis decision. Do you think Davis changes that in all circumstances? I think it does. And let me read the underlying. Do you think that there has to be binding appellate precedent for good faith exception? Well, here's. Do you think that yes or no? Yes. Okay. It has to be directed to. It's like the Moss decision that I cited in my brief. The good faith exception has to be reasonably related to one of the exceptions to the warrant requirement. The way you get to one of the exceptions to the warrant requirement is binding appellate precedent. What do you make of Sotomayor's comment that Davis didn't present the markedly different question whether the exclusionary rule applies when the law governing the constitutionality of a particular search is unsettled? What do you make of that? What I make of that is just this. It lives up in the question when the law is unsettled, then the officer should not go into the shallow water and make the determination on his own. And here's what the 11th Circuit said underlying the Davis decision. But she didn't say that that decision means that occurs when the law is unsettled. Now, Sotomayor just isn't a concurrent opinion, but she pointed out that that question when there is not, when the law is unsettled, that the case doesn't answer that question. That's how I read it. You read it as saying that it's settled, that she's now settling, that when the law is unsettled, you can't get good faith? I read that if an officer is going to invoke an exception to the warrant requirement that never existed before, or even if it exists, they have to point to their authorization. And if the law is unsettled, then they do so at their own risk. Excuse me. We're talking about good faith. What evidence is there in this record that the officer didn't act in good faith? He didn't do, just by example, in the Katzen case, okay? They noted that the officer at least consulted with the U.S. Attorney's Office. In this case, the only evidence of good faith is the officer's pronouncement that he was not aware of anything saying that he couldn't do it, that his prior practice has always been that this is what I've done. And I would submit that ignorance or lack of awareness is a subjective endeavor and not an objective endeavor. It is not objective, reasonable reliance. This is what the 11th Circuit said. When law enforcement officers rely on precedent to resolve legal questions as to which reasonable minds may differ, the exclusionary rule is well tailored to hold them accountable for their mistakes. Do you think that he, in the absence of binding precedent, as you see the law, for the officers in this case, they could have qualified for the good faith exception that they had asked the U.S. Attorney what the law was? I think that what should have happened, I think ultimately... No, no, no, you need to answer my question. I'm trying to understand your theory. I'm trying to find out, in answer to Judge Hamilton's question, you suggested, I think, that the officer didn't show good faith because he didn't ask enough people enough questions about the law. Is that your position? Or is it that there needs to be binding precedent? My position is there needs to be binding precedent. So if he could have asked anybody that he wanted to, he could have talked to the leading scholars in America, he could have talked to every U.S. Attorney in the 4th Circuit, and if they'd have told him the law was you don't need binding precedent, you would say that still is a lack of good faith? I'd submit that the rule is very clear in Davis. And you would say that's a lack of good faith? It's a lack of good faith. So in other words, when you're asked, what's to show that this officer didn't act in good faith, your answer is there was no binding precedent. That makes no good faith. That's correct. And that's exactly what Kasten held. But to address what I'm hearing from your concerns outside of that, not trying to deviate from my initial position, is, aside from all that, even if you look at the totality of the circumstances here, this officer did not rely on anything. But you don't think that that matters. You just add that filler, but that's not necessary for your argument. Well, I do think that at some point it becomes a problem when the officer doesn't rely on anything. No, no, no, but you don't answer my question. That's nice for you to be saying this and you're answering questions, but this is filler in a sense. It's not necessary for your argument because nothing he could have done in your, according to you, could have relieved him of the fact he did not operate in good faith because there was no binding appellate precedent. That's your argument. Well, and he didn't rely on anything. I didn't disagree with you, but you just say the absolute essential is binding appellate precedent. And no matter what an officer does, short of that, the officer cannot claim good faith. That's correct. Ultimately, at the end of the day, the officer has to have authorization to a warrantless search. He did not have that authorization. This is what the Katzen court held. When an officer decides to take the Fourth Amendment inquiry into his own hands rather than to seek a warrant from a neutral magistrate, particularly where the law is far from settled as it was in this case, he acts in a constitutionally reckless fashion. That's what they held. This officer didn't rely on anything or anyone other than his own subjective lack of awareness. I see my time's expired. I've hardly gotten through my argument. You've reserved some time. Yes. You've reserved some time. Thank you very much. Mr. Copperthite? Copperthite? Copperthite, Your Honor. Copperthite. Good morning, Judge Shedd, Judge Hamilton, Judge Thacker, David Copperthite, Assistant United States Attorney. I had planned, as we usually do, a recitation of a lot. I'm going to jump right to where the court is here and talk about the Davis decision. One of the first questions Judge Shedd asked was, does it not say that federal appellate precedent is required? There is nowhere in Davis that says that federal appellate precedent is required. Well, Davis says for the good faith exception to apply, there must be binding appellate precedent that specifically authorizes a particular police practice. So where was the binding appellate precedent here? Because Maryland courts don't bind federal. No. And we know we have a state officer who's acting in a federal capacity. There was no Fourth Circuit precedent. We all agree about that. In Davis, they also use the term judicial precedent occasionally instead of appellate precedent. And in this particular case, you have a 13-year veteran. But they always use binding precedent. So what binds the federal courts and the Fourth Circuit? The Fourth Circuit and the Supreme Court. So where is the binding precedent that the law enforcement relied on here? Well, the argument that we make is that for this officer, in looking and giving him guidance, he looks to those cases regarding the follow from knots, caro, the use of the tracking devices. And I don't think there's a lot of distinction in the actual technology because it's still items that are used to follow vehicles on the roadways. This officer had those. He had, again, as we said, it's not binding, but he had the appellate precedent in Maryland. Can Justice Scalia find a distinction between the use of beepers and the use of the warrantless GPS devices in the Jones case? He makes a distinction in the technology. I think that our argument is that the purpose, to look to the purpose of the technology, and that is to follow vehicles on the roadways. It's an aid of surveillance. Technology has advanced, and as often happens, the law doesn't advance as quickly as the technology does, so we are catching up to that. But the original cases were on beepers, but the purpose of the beeper is exactly the same. It's just that it's easier with GPS technology than it is for the old beeper technology. I think that Davis is, right from the start, the opinion states that the question here is whether to apply the exclusionary rule, the sanction when the police conduct, conduct a search in compliance with the binding precedent that is later overturned. And there is no question that that is what Davis says. But to read Davis that narrowly greatly has an impact, on the exclusionary rule and on good faith. Now Davis goes into great detail after those statements to explain the process for the application of the good faith exception. And in this case, it was, I think it was significant that the district judge had been a magistrate judge for about 12 years. But the problem with your argument is, if it was clear the Supreme Court made that a necessary finding, it wouldn't make any difference to the argument you want to make right now, would it? That it hurts, it's too bad, the magistrate judge had a lot of experience. Who cares about any of that? If the Supreme Court was clear that the law is, a binding appellate precedent is absolutely necessary for a good faith exception, with your argument, it wouldn't matter, would it? If that was the case, you would be correct, Your Honor. But I don't read Davis' So you have to talk about what that case really says. Well, I think that Davis, that is a very narrow reading of Davis. Davis states where suppression fails to yield appreciable deterrence, exclusion is unwarranted. And Davis, if Davis said... Let me ask you this, in the Davis case, was there a binding appellate precedent?  I don't believe there was, Your Honor. Okay. So you think the court has now said that there is... Again, it goes back to the question, at least for me, is that a sufficient or a necessary requirement? In other words, does Davis set the test that when you have binding appellate precedent, then one qualifies for a good faith exception? That's what that case stands for. But it doesn't stand for that's the only way one can get to good faith exception. That is exactly my argument, Your Honor. Well, and so if that's so, which you may be right, we'll decide what we think of that, it seems to me that Sotomayor is looking at Davis that way. When she says in her concurrence that Davis, that current case, does not present the markedly different question whether the exclusionary rule applies when the law governing the constitutionality of a particular search is unsettled. I would agree. I think otherwise, I would at least, I know we're sort of looking at the tea leaves, but it seems to me if that was necessary, she would go when the law is unsettled, this case means you do not qualify for a good faith exception. That's why I think Davis, and Davis talks more about the application of good faith and what's required. My point about all that is it appears to me that Sotomayor, she sees, at least I think this is right, I'm asking your view on it, that's why I asked the other side too, it looks to me like she sees Davis as a sufficient, as sufficient, but not necessary, at least under the Davis decision. That's what our position would be, that Davis says it is sufficient if there's binding appellate precedent, but Davis doesn't say that's, if there's not, then you cannot apply the good faith exception. What is the traditional formulation of the good faith exception? In terms of the test? Yes. Well, the test is, the test was what the court originally said. You can paraphrase it if you want. Sure. The officer acts with good faith under the circumstances of what the law is at that point. Whether a reasonably well-trained officer would have known the search was illegal in light of all the circumstances. And in our case, we have a... And all the circumstances would include, but not be limited to, appellate precedent. That's binding appellate precedent. Traditionally. That's correct. There weren't any exigent circumstances here, were there? I mean, this occurred over two months. They certainly had time to consult with the prosecutor's office to go and get a warrant with the magistrate, right? Was from March 18th to May 13th. There are actually two uses of the GPS, as the court saw. The second one was only for three days. And the reason why there's... And as the task force officer testified, he had already litigated this matter before in state and federal court. He had had cases that had been prosecuted with the use of... What federal court? United States District Court. He had litigated issue of suppression motions and so forth. So he... Under his experience, this was the accepted practice. And even though there was no Fourth Circuit precedent from this court, it was the accepted practice that you don't need the warrant. So... For a GPS. For a GPS. To apply a GPS, as he said, though, it was his understanding that if I was going to... Where is that in the record? I could find the site for you. I don't have it here directly, but I might be able to find the site for you. But it is in the record. It's in his testimony. We're all focusing on the Davis court, but I think there's one distinction which hadn't been addressed. The Davis court was not called upon to decide whether the good faith exception applies when, quote, the law governing the constitutionality of a particular search is unsettled. Period. End quote. That was not before the Davis court. That's correct. It was limited to the fact that there was already precedent. If I understand that correctly. Did the district court here state, as the Supreme Court did in Jones, that Jones was not actually a change in the law? Didn't the district court say that? No, the district court said that basically the Jones decision with the concept of, going back to the concept of trespass and property law, that the Jones decision had been dormant. So we respect that, but that doesn't answer our question as to good faith. Right, I see that. The court also said at JA 462, the Supreme Court says that Jones doesn't change the law. It just had been something that had been laying dormant. And for this particular officer, he's relying on his experience as a state and federal officer and cases that he had already had. And the accepted practice in Maryland was exactly that. As this former magistrate judge stated, if this task force officer had come to an assistant U.S. attorney, a state prosecutor, or a magistrate judge, he would have been told the same thing. And you do not need a warrant to place a GPS on a vehicle that's in the public and to follow that vehicle in public view. And that, to me, was I think a very... Where is that in the record? Judge Bedard's. He was told the same thing? Judge Bedard's. It was in his findings. And I could, it's set forth in my brief as well. And his, I think it was page 14, but I... Okay, that's what I'm looking for. But if, as the other side reads, Davis to require a binding appellate precedent, that doesn't matter, does it? It wouldn't matter? If... It wouldn't matter, would it? If a strict application of Davis is said to require, no, it wouldn't matter. It wouldn't matter what the officer had done. You carried it in the words of strict application. Just an application of Davis that said that would mean all of that doesn't matter. Well, I consider it a narrow application, David, but yes, that's correct. I said if it says that. Yes, sir. I agree with you. If Davis is read to require binding appellate precedent to qualify for a good faith exception, all the consultation, all the scholarly work one could do on a question of unsettled law, it just wouldn't matter. And the court likened this to fingerprint evidence. If other circuits had all accepted fingerprint evidence except one, and this officer had used fingerprint evidence before in his cases, then, you know, he would have a right to rely on that fingerprint evidence. And I think that that's kind of a good analogy because it's something that we know and we accept every day in litigation. And to read Davis the way, as you say, narrowly, then the formulation, the traditional formulation of good faith would have to be edited or changed to be the objectively ascertainable question whether a reasonably well-trained officer would have known that the search was illegal in light of all the circumstances, and all the circumstances is limited to binding appellate. That's correct. It would completely eliminate that sort of totality of the circumstances inquiry that should be made. Is there any suggestion that the Davis court made that far reaching a change to good faith acceptance? Not in my reading. Not in my reading of Davis. And I think that the Katzen course that counsel talked about that we sent the 28-J letter last week just gets it wrong. I mean, one of the things I'm thankful for is I'm here in the Fourth Circuit today and not in the Third Circuit making this argument. But I think they just get it wrong. I think that they apply Davis in a very little and narrow sense. And they really result in, as the court keeps asking this question because I think it's the important one, it's a strict liability. It's a strict application. If you don't have binding appellate precedent, you are out. Good faith does not apply. And if you look at the history, the long jurisprudence of the exclusionary rule and the good faith exceptions, that will completely change the landscape. But under your reading of the good faith exception, if you had the Katzen decision and the D.C. Circuit decision, and then you had the two other circuit courts saying that going your way, you had a split in the circuits but nothing in the Fourth Circuit, law enforcement could pick the one they want. Because they think that the D.C. Circuit and the Third Circuit just got it wrong. They could prefer the dissent in the Third Circuit, which is what you're arguing today, which is so far afield from binding appellate precedent that that's the point of the deterrent. I think they would have to do more than just pick one. I think they'd have to look at what the accepted practice would be in that district, what has historically happened in that district, and in Maryland, as we said, I know it's not binding precedent as in Davis, but we had an appellate decision, at least in Maryland. But if there was, so if you had two circuits on one side and two circuits on the other, no binding precedent in the Fourth Circuit, law enforcement could just pick one. Well, I think, I don't know if it's quite... Quite that easy a decision, but certainly if I was giving legal advice, I would always err on the side of caution if I was advising an officer. But I think it's more like what is the practice there? And again, it comes down to... The other part of that question would be what if the Fourth Circuit, which was the only jurisdiction that would bind that officer, had not yet decided the question, but every single court in the U.S. that had ever heard that case on those facts had decided good faith exception, he would not be entitled to the good faith... Other than the Supreme Court, the officer would not be entitled to the good faith exception in the Fourth Circuit, although because no court in the Fourth Circuit had not heard that fact, but every single court in the entire country that had heard it had decided good faith exception, binding precedent, he wouldn't be qualified for it, would he? Under Davis, no. Under that reading of Davis. Yes, under that reading of Davis. What's the date of that Third Circuit decision? The Katzen case? That came out, I think, last Thursday. Well, that was well after the placing of the GPS device in this case, which occurred on March the 18th, 2011. Oh, yes, sir. Yes, sir. So why is that Third Circuit case so important? Well, I think that what it's doing, it's making my colleagues' arguments for him in that the strict application Davis should apply, and unless there's binding appellate... They looked at this and said, there's no binding appellate decisions here in the Third Circuit, therefore you're out. That's just the Third Circuit looking at the same question we have as to how to read Davis, and they said Davis requires what you call strict liability. There has to be the presence, the necessity of binding appellate precedent, or you cannot qualify. That's correct. That's exactly what they did. And you think the fourth is at least one better than the third? Mm-hmm. I have my prayers. The other side might say three is closer to number one, but you don't. But I think, really, I think that there's nothing more that I need to add. I think the second issue that the government talks about, the articulable suspicion, I'll just submit on the briefs on that issue, unless anyone has any further questions. I'll just say one other thing. If I were arguing this case, I would argue that Jones applied, not the Third Circuit. The court is absolutely correct. But Jones was well after the March 18, 2011, installation of the GPS device on the car. Jones does apply, and those comments from Judge Sotomayor I think are certainly instructive. You don't think that the Third Circuit case applies, and you're not arguing that. You're just explaining why somebody might think it's relevant. I think that they get it. To the argument, not to the court. That's correct. That's not binding appellate precedent. No, no, no. I think that the Third Circuit is incorrect. Do you think that the officers in this case acted in bad faith when they didn't rely on the D.C. Circuit opinion? No one relied on the D.C. Circuit opinion. I would say absolutely not. I think that when that opinion first came out, everyone thought it was aberrant. Well, that was the only appellate decision that disapproved of the warrantless use of the tracking devices. That is correct. And the use of tracking devices without a warrant on public roads had been a practice throughout the country for years, ever since not. That was a beeper. That was a beeper, but I'm using the same concept. But the court is correct in that the technology has advanced. Again, we as lawyers are way behind the curve. Well, the truth is, courts can be, too. I don't remember anybody saying it was absolutely a slam-dunk question that a GPS device is different than a beeper device for purposes of the Constitution. In that case, it was argued to the Supreme Court. I mean, there were people, good lawyers on both sides arguing that. Maybe in hindsight, people say it was clear. I'm not talking about judges, but commentators go, it was perfectly clear. Well, yeah, all those Supreme Court decisions are perfectly clear after the fact as to how they were going to come out, but they aren't going in, almost none of them are. No, sir, I think that's correct. And even though the technology is different, it's the same principle. The principle was following a vehicle and aiding your surveillance. It's just the GPS makes it easier. Okay, thank you. Thank you very much. Thank you very much. Yeah, Owen. Justice Hamilton, you asked about prior opinions before the search in this case, and it's interesting that the D.C. Circuit decided this case seven months before the search in this case. The search in the D.C. Circuit was the installation of a GPS device in Maryland where the prosecution ultimately ended up in the District of Columbia. So I still adhere to the binding appellate precedent rule. I'll get this rule. And the Third Circuit has said so, and the Seventh Circuit has said so. This is what the Seventh Circuit said. Is this all after the date that, in this case, they applied the tracking device? I beg your pardon? Is this after these cases you want to talk about now, did they all occur after the March 18, 2011, attachment of the GPS device to the car? No, they did not. The D.C. Circuit. I know about the D.C. Circuit. You can actually get into some other circuits. I just want to know if those circuits' decisions came down after March 18, 2011. Yes, sir. Then how would the officers know about that? How can you attach bad faith to them for not knowing about something that occurred after they put the tracking device on the car? Well, this is what this court said about what an officer must do in terms of conducting a search on any kind of search. What court are we talking about? The Fourth Circuit. In what case? In United States v. Moss. And the quotation I'm citing to is at 963 F2D at 677. It's in my brief on page 40 and 41. This is what they said. For the good faith exception to the exclusionary rule to apply, quote, mistaken determinations of police officers that may be excused as good faith reasonable ones must yet be related to one of the elements of one of these exceptions, and then I have in brackets, to the warrant for filing of the Fourth Amendment. Well, all of this is premised on the basis of whether or not the search was unreasonable. Correct. Under the Fourth Amendment. Correct. That's what we're talking about. Yes, sir. And I'm waiting for you to tell me how the officers were unreasonable acting in the manner in which they did at March 18, 2011. The officers were unreasonable because they did not cite any basis at all or have any basis at all to justify their search, unlike the Moss case where it says you have to have an objective reliance on some exception to the warrant requirement if you're not going to get a warrant. They had none. They cite the government backfills of all these cases, but they didn't rely on any of those cases. And then they come back after the fact and cite these cases that they've relied on or they claim to be relied on, but the detective never relied on any of those. The government cites Rule 41. Rule 41 provides an affirmative duty on an officer to ascertain whether it's a constitutionally protected area. Knotts didn't decide that. Nor did Cara. That was a beeper in a container. Place with consent of the owner. We know that's distinguishable because that's what Justice Scalia said in Jones. So the officer did not. Let me ask this question of you. The way that you read Davis, which is you have to have binding appellate precedent for good faith exception, correct? Correct. Then you would say in the scenario where every circuit and every court in the country, not the Supreme Court, but every district court, every circuit court outside the Fourth Circuit had held under a set of facts good faith was available. But following that same circumstances, an officer anywhere in the country outside the Fourth Circuit would be entitled to good faith, but following the same behavior under that set of circumstances, every officer inside the Fourth Circuit would not be qualified, would not qualify for good faith. Certainly that is the extreme position on the outside. That would be your position. Well, I'm not going to surrender the position, but that's not the position we're in today. Let me ask you this much. The answer to my question would be yes, they would be eligible for a good faith exception, or no, the officer in the Fourth Circuit would not be eligible for good faith exception. Well, under the law as it exists, I would say the answer would have to still be no. I'm not saying, I think that's fair. I think that is your answer. And you think that Davis worked that great a difference to the formulation, the traditional formulation of good faith exception. Sure, because Davis didn't occur in a vacuum. No, but I'm not arguing with you. I'm asking your position. You think that Davis worked with that great a change, and you think Sotomayor didn't understand that that great a change had been worked? I think Sotomayor actually, and the way the Third Circuit read it, the Seventh Circuit. I think Sotomayor is what I'm asking about. I think the way she read it was, when the law's unsettled, don't go in that shallow water. That you aren't going to, you're never going to be able to get. You read her comment as saying, we're really looking at tea leaves, but you read her comment to think that she believes, absent binding precedent, you never get good faith. That's the way I read it. That's the way the Third Circuit read it. That's the way the Seventh Circuit read it. This is what the Seventh Circuit said. They said, we reject the government's invitation to allow police officers, and this is in the Martin case, cited in my brief, to allow police officers to rely on a diffuse notion of weight of authority around the country, especially when the amorphous opinion turns out to be incorrect in the Supreme Court's eyes. That is exactly, squarely, four corners my position. And that's what we have here. In this case, and there's something wrong with the system if the officer says, well, I didn't rely on that thing. I didn't know it was illegal. And then, we all know, if you're an officer, they're going to ask you for your authority to do a particular act. And you make some arguments. You make some claim about what the officer did and didn't do, but under your argument, that doesn't matter. It doesn't matter. The officer could have operated in the utmost, this is your position, utmost good faith. He'd check with every possible scholar, every law enforcement lawyer, every judge who would talk to him, every law professor, and they all could have said to him, we think the law does not disallow that or allows it, whichever the standard is,  So you take his conduct out of the formulation. The only thing you rely on is binding appellate precedent. Absent that, no matter what you did, it just doesn't matter. It's not relevant. I'd like to answer the question. Sure, I want you to. All right, my point is, and we've kind of gone on. Just answer this first. You take, under your reading, I think you've already said this, don't you take the officer's conduct out of the formulation? No. At the end of the day, an officer has to be able to point to, what exception is he relying on? I talk to every law professor in the country, every prosecutor in the country, every criminal defense lawyer. Has to point to what exception authorized by the precedent in his circuit. Has to point to binding precedent. He has to do it, though. Not the government coming back after the fact and saying, oh, well, by the way, there are these cases that are wrong on the law that support our proposition. I'll give you five seconds to finish. Ask the court to reverse decision. We thought you would. Mr. Cowden, Mr. Cowden, Mr. Cowden, we know that you're court appointed. We thank you very much for your service to your client and to the court for arguing this case before us today. We'll step down and greet counsel, and then we'll go directly to the next case. Thank you.
judges: Dennis W. Shedd, Stephanie D. Thacker, Clyde H. Hamilton